**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In Re: | : | Chapter 9 |
| | : | |
| WESTFALL TOWNSHIP, | : | Case No. 5-09-02736 (JJT) |
| | : | |
| Debtor. | : | |

# PLAN FOR THE ADJUSTMENT
# OF DEBTS OF WESTFALL TOWNSHIP, PA
### DATED OCTOBER 29, 2009

J. Gregg Miller, Esquire
Leon R. Barson, Esquire
Bonnie M. Kistler, Esquire
Pepper Hamilton LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103-2799
(215) 981-4000

Attorneys for Westfall Township

Robert F. Bernathy, Esquire
Klemeyer, Farley & Bernathy, LLC
2523 Route 6, Suite One
Hawley, PA 18428
(570) 226-5771

Westfall Township Solicitor

Note: The Bankruptcy Court Has Not Yet Approved A Disclosure Statement With Respect To This Proposed Plan Of Adjustment Of Debts. The Filing Of This Proposed Plan Is Not Intended To And Should Not Be Construed To Be A Solicitation Of Acceptances Of The Plan.

# TABLE OF CONTENTS

**Page**

I. DEFINITIONS, INTERPRETATION AND RULES OF CONSTRUCTION .................... 1

    A. Definitions. ........................................................................................................... 1

    B. Rules of Construction. ......................................................................................... 7

II. TREATMENT AND DEADLINE FOR THE ASSERTION OF ADMINISTRATIVE
CLAIMS AND PROFESSIONAL CLAIMS ....................................................................... 7

    A. Treatment Of Administrative Claims. ................................................................. 7

    B. Treatment Of Professional Claims. ..................................................................... 8

    C. Deadline For The Filing And Assertion Of Administrative Claims (Other Than
Ordinary Course Administrative Claims) And Professional Claims. ...................... 8

III. DESIGNATION OF CLASSES OF CLAIMS ....................................................................... 8

IV. TREATMENT OF CLAIMS ................................................................................................. 9

    A. Class 1 – Katz Claims. ........................................................................................ 9

        1. Impairment And Voting. .......................................................................... 9

        2. Treatment. ................................................................................................ 9

    B. Class 2 – Dime Bank Claim. .............................................................................. 10

        1. Impairment And Voting. ........................................................................ 10

        2. Allowance. .............................................................................................. 10

        3. Treatment. .............................................................................................. 10

    C. Class 3 – Pennstar Bank Claims. ....................................................................... 11

        1. Impairment And Voting. ........................................................................ 11

        2. Allowance of Pennstar Bank Claims. .................................................... 11

        3. Treatment. .............................................................................................. 11

    D. Class 4 – John Deere Credit Claim. ................................................................... 13

        1. Impairment And Voting. ........................................................................ 13

Case 5:09-bk-02736-JJT    Doc 70    Filed 11/09/09    Entered 11/09/09 17:52:26    Desc
Main Document      Page 2 of 36

|     | 2. | Allowance. | 13 |
|     | 3. | Treatment. | 13 |
| E. | Class 5 – Robert A. Dombrosky Claim. | | 14 |
|     | 1. | Impairment And Voting. | 14 |
|     | 2. | Treatment. | 14 |
| F. | Class 6 – General Unsecured Claims. | | 14 |
|     | 1. | Impairment And Voting. | 14 |
|     | 2. | Treatment. | 14 |

**V.** ACCEPTANCE OR REJECTION; CRAMDOWN ... 15

| A. | Voting Of Claims. | 15 |
| B. | Nonconsensual Confirmation. | 15 |

**VI.** TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES ... 15

| A. | Assumption Of Executory Contracts And Unexpired Leases. | | 15 |
| B. | Cure Payments. | | 16 |
|     | 1. | Bar Date For The Assertion Of Claims For Cure Payments. | 16 |
| C. | Rejection Of Executory Contracts And Unexpired Leases. | | 17 |
|     | 1. | Claims Arising From Rejection. | 17 |

**VII.** IMPLEMENTATION AND MEANS FOR CONSUMMATION OF THIS PLAN ... 18

| A. | Preservation Of Rights of Action | | 18 |
|     | 1. | Prosecution Of Rights Of Action. | 18 |
|     | 2. | No Waiver Or Limitation Of Rights Of Action. | 18 |
| B. | Cancellation Of Liens. | | 19 |

**VIII.** DISTRIBUTIONS ... 19

| A. | Distribution Agent. | 19 |
| B. | Delivery Of Distributions. | 19 |

C.     Undeliverable Distributions...............................................................................20

      1.     **Holding Of Undeliverable Distributions.** ............................................20

      2.     **Unclaimed Property.** ....................................................................20

      3.     **Notification And Forfeiture Of Unclaimed Property.**......................20

D.     Distributions Of Cash. ............................................................................21

E.     Timeliness Of Payments. ........................................................................21

F.     Compliance With Tax Requirements. .......................................................21

G.     Time Bar To Cash Payments. ..................................................................22

H.     No *De Minimis* Distributions....................................................................22

I.     No Distributions On Account Of Disputed Claims.......................................22

J.     No Postpetition Accrual...........................................................................22

K.     Insurance Proceeds. ...............................................................................23

IX.     DISPUTED CLAIMS..........................................................................................23

A.     Objections To Claims; Prosecution Of Objections To Disputed Claims. ..............23

B.     Reserves, Payments, And Distributions With Respect To Disputed Claims..........23

X.     EFFECT OF CONFIRMATION ..........................................................................23

A.     Discharge Of The Township......................................................................23

B.     Injunction.............................................................................................24

C.     Term Of Existing Injunctions Or Stays. ....................................................25

XI.     RETENTION OF JURISDICTION.......................................................................25

XII.     CONDITIONS PRECEDENT...............................................................................27

A.     Condition Precedent To Confirmation. ......................................................27

B.     Conditions Precedent To Effective Date. ...................................................27

C.     Waiver Of Conditions To Effective Date. ...................................................28

D.     Effect Of Failure Of Conditions. ..............................................................28

XIII.  PENNSYLVANIA ACT 47 PLAN .................................................................................29

XIV.  MISCELLANEOUS PROVISIONS ...........................................................................29

    A.  Severability. ....................................................................................................29

    B.  Governing Law. ...............................................................................................30

    C.  Effectuating Documents And Further Transactions. ...........................................30

    D.  Notice Of Effective Date. .................................................................................30

**Exhibit A**    Court Order, dated August 25, 2009, which embodies the terms of settlement of the Katz Claims.

**Exhibit B**    Municipalities Financial Recovery Act Recovery Plan of Westfall Township, pursuant to the Financially Distressed Municipalities Act of Pennsylvania ("Act 47"), 53 P.S. §11701.101 et seq. (Act of 1987, as amended).

Westfall Township, Pike County, Pennsylvania, a Second Class Township and a debtor under chapter 9 of the United States Bankruptcy Code ("Township" or "Debtor"), hereby proposes the following Plan of Adjustment of Debts (the "Plan") pursuant to section 941 of the Bankruptcy Code.

Please refer to the accompanying Disclosure Statement for a discussion of the Township's history, operations, and financial condition, and for a summary and analysis of this Plan and other important information. The Township encourages you to read this Plan and the Disclosure Statement in their entirety before voting to accept or reject this Plan. No materials other than the Disclosure Statement and the various Exhibits and Schedules attached or incorporated therein have been approved by the Bankruptcy Court for use in soliciting acceptance or rejections of this Plan.

## I.     DEFINITIONS, INTERPRETATION AND RULES OF CONSTRUCTION

### A.     Definitions.

Terms used in this Plan that are not otherwise defined in Section I have the meanings assigned to them in the Bankruptcy Code and in the Bankruptcy Rules. As used in this Plan, the following terms have the respective meanings specified below:

**1.     Administrative Claim** means any Claim for an administrative expense of the kind described in sections 503(b) or 507(a)(2) of the Bankruptcy Code.

**2.     Allowed** means a Claim that:

a.     Has been deemed filed within the meaning of section 925 of the Bankruptcy Code, and as to which (i) no proof of Claim has been filed in compliance with section 501 of the Bankruptcy Code, and (ii) no objection has been filed within the deadline established pursuant to Section IX.A.;

b.      Is asserted in a proof of Claim filed in compliance with section 501 of the Bankruptcy Code and any applicable orders of the Bankruptcy Court and as to which (i) no objection has been filed within the deadline established pursuant to Section IX.A.; (ii) the Bankruptcy Court has entered a Final Order allowing all or a portion of such Claim (but only in the amount so allowed); or (iii) the Bankruptcy Court has entered a Final Order under section 502(c) of the Bankruptcy Code estimating the amount of the Claim for purposes of allowance;

c.      Is expressly allowed under Section IV of this Plan;

d.      Is designated as "allowed" in a pleading entitled "Designation of Allowed Claims" (or a similar title of the same import) filed with the Bankruptcy Court by the Township on or after the Effective Date; or

e.      Is an Administrative Claim as to which the Bankruptcy Court has entered a Final Order allowing all or a portion of such Claim (but only in the amount so allowed).

1.      **Ballot** means the ballot(s), in the form(s) approved by the Bankruptcy Court in the Plan Solicitation Order, accompanying the Disclosure Statement and provided to each holder of a Claim entitled to vote to accept or reject this Plan, on which such holders may vote to accept or reject this Plan.

2.      **Bankruptcy Code** means title 11 of the United States Code, as amended from time to time, as applicable to the Chapter 9 Case.

3.      **Bankruptcy Court** means the United States Bankruptcy Court for the Middle District of Pennsylvania, or such other court that lawfully exercises jurisdiction over the Chapter 9 Case.

**4.** **Bankruptcy Rules** means the Federal Rules of Bankruptcy Procedure, as amended from time to time, as applicable to the Chapter 9 Case, together with the local rules of the Bankruptcy Court applicable to the Chapter 9 Case. Unless otherwise indicated, references in this Plan to "Bankruptcy Rule _____" are to the specifically identified rule of the Federal Rules of Bankruptcy Procedure.

**5.** **Bar Date** means the applicable date by which a particular proof of Claim must be filed, as established by the Bankruptcy Court or pursuant to this Plan or the Bankruptcy Code and Bankruptcy Rules.

**6.** **Business Day** means any day, other than a Saturday, Sunday or "legal holiday" (as defined in Bankruptcy Rule 9006(a).

**7.** **Cash** means cash and cash equivalents, including withdrawable bank deposits, wire transfers, checks, and other similar items.

**8.** **Chapter 9 Case** means case under chapter 9 of the Bankruptcy Code commenced by the Township, captioned In re Westfall Township, Debtor, Case No. 5:09-bk-02736-JJT, currently pending in the Bankruptcy Court.

**9.** **Claim** means a claim against the Township or the property of the Township within the meaning of section 101(5) of the Bankruptcy Code.

**10.** **Class** means one of the classes of Claims established under Section III pursuant to section 1122 of the Bankruptcy Code.

**11.** **Confirmation Date** means the date on which the Clerk of the Bankruptcy Court enters the Confirmation Order on the docket of the Bankruptcy Court.

**12.** **Confirmation Order** means the order of the Bankruptcy Court confirming this Plan under section 943 of the Bankruptcy Code.

#11335828 v4

**13.** **Disallowed** means a Claim or portion thereof that (a) has been disallowed by a Final Order; (b) is identified in the List of Creditors in an amount of zero dollars or as contingent, unliquidated, or disputed and as to which no proof of Claim was filed on or before the Bar Date; or (c) is not identified in the List of Creditors and as to which no proof of Claim has been filed or deemed filed on or before the Bar Date.

**14.** **Disclosure Statement** means the disclosure statement, and all exhibits and schedules incorporated therein, that relates to this Plan and that is approved by the Bankruptcy Court pursuant to section 1125 of the Bankruptcy Code, as the same may be amended, modified or supplemented in accordance with the Bankruptcy Code.

**15.** **Disputed** means any Claim or portion thereof that has not become Allowed and that is not Disallowed. In the event that any part of a Claim is Disputed, except as otherwise provided in this Plan, such Claim shall be deemed Disputed in its entirety for purposes of distribution under this Plan unless the Township agrees otherwise in its sole discretion. Without limiting the foregoing, a Claim that is the subject of a pending application, motion, complaint, objection, or any other legal proceeding seeking to disallow, limit, reduce, subordinate, or estimate such Claim shall be deemed to be Disputed.

**16.** **Effective Date** means the first Business Day after the date on which the conditions specified in Section XII have been satisfied or waived.

**17.** **Final Order** means a judgment, order, ruling, or other decree issued and entered by the Bankruptcy Court or by any state or other federal court or other tribunal having jurisdiction over the subject matter thereof which judgment, order, ruling, or other decree has not been reversed, stayed, modified, or amended and as to which (a) the time to appeal or petition for review, rehearing or certiorari has expired and no appeal or petition for review, rehearing or

certiorari is then pending; or (b) any appeal or petition for review, rehearing or certiorari has been finally decided and no further appeal or petition for review, rehearing or certiorari can be taken or granted.

18. **Katz Claims** means all pre-bankruptcy claims of a monetary and a non-monetary nature held by David H. Katz and Barbara D. Katz (the "Katzes"), their sons, Michael B. Katz and Daniel S. Katz (together with David H. and Barbara D. Katz, "Katz") and their heirs, executors, successors and/or assigns.

19. **List of Creditors** means the Second Amended Master List of Creditors and Claims filed by the Township, pursuant to section 924 of the Bankruptcy Code, as it may be amended, modified or supplemented from time to time.

20. **Notice of Effective Date** means the Notice prepared and mailed pursuant to Section XIII.E.

21. **Ordinary Course Administrative Claim** means an Administrative Claim, other than a Professional Claim, that represents an obligation incurred in the ordinary course of business of the Township (as determined by the Township in its sole discretion).

22. **Petition Date** means April 10, 2009.

23. **Plan** means this Plan of Adjustment of Debts, together with all Exhibits hereto, each in their present form or as they may be altered, amended or modified from time to time in accordance with the provisions of this Plan, the Confirmation Order, the Bankruptcy Code, and the Bankruptcy Rules.

24. **Plan Solicitation Order** means the Order by which the Bankruptcy Court approved the Disclosure Statement as containing adequate information for the purpose of dissemination and solicitation of votes on and confirmation of this Plan and established certain

rules, deadlines, and procedures for the solicitation of votes with respect to and the balloting on this Plan.

25.     **Professional Claim** means a Claim required to be filed pursuant to Section II for approval of amounts paid or to be paid for services or expenses in the Chapter 9 Case or incident to this Plan.

26.     **Rights of Action** means any rights, claims, or causes of action owned by, accruing to, or assigned to the Township pursuant to the Bankruptcy Code or pursuant to any contract, statute, or legal theory, including without limitation any rights to, claims, or causes of action (i) for recovery under any policies of insurance issued to or on behalf of the Township, or (ii) for avoidance and recovery of certain transfers under 11 U.S.C. §§544, 545, 547, 548, 549 or 550.

27.     **Schedule of Rejected Agreements** means the Schedule of executory contracts and unexpired leases to be rejected, if any, pursuant to Section VI.C.

28.     **Secured Claim** means a Claim that is alleged to be secured, in whole or in part, (a) by a lien that is not subject to avoidance or subordination under the Bankruptcy Code or applicable non-bankruptcy law; or (b) as a result of rights of setoff under section 553 of the Bankruptcy Code; but in any event only to the extent of the value, determined in accordance with section 506(a) of the Bankruptcy Code, of the holder's interest in the Township's interest in property or to the extent of the amount subject to such setoff, as the case may be.

29.     **Township** means the Westfall Township, PA, a Second Class Township and the chapter 9 debtor in this Chapter 9 case.

30.     **Unsecured Claim** means any Claim that is not a Secured Claim or an Administrative Claim.

#1335828 v1

### B. Rules of Construction.

The following rules of construction apply to this Plan: (a) unless otherwise specified, all references in this Plan to "Sections" and "Exhibits" are to the respective Section in or Exhibit to this Plan, as the same may be amended or modified from time to time; (b) the headings in this Plan are for convenience of reference only and do not limit or otherwise affect the provisions of this Plan; (c) words denoting the singular number include the plural number and vice versa; (d) the rules of construction set forth in section 102 of the Bankruptcy Code apply; (e) in computing any period of time prescribed or allowed by this Plan, the provisions of Bankruptcy Rule 9006(a) apply; and (f) the words "herein," "hereof," "hereto," "hereunder," and others of similar import refer to this Plan as a whole and not to any particular Section, subsection, or clause contained in this Plan.

## II. TREATMENT AND DEADLINE FOR THE ASSERTION OF ADMINISTRATIVE CLAIMS AND PROFESSIONAL CLAIMS

### A. Treatment Of Administrative Claims.

Except as provided in Section II.B. with respect to Professional Claims or to the extent that the holder of an Allowed Administrative Claim agrees to a different treatment, the Township shall pay to each holder of an Allowed Administrative Claim, in full satisfaction, release and discharge of such Claim, Cash in an amount equal to such Allowed Administrative Claim on the later of the Effective Date and the date on which such Claim becomes an Allowed Administrative Claim, or as soon thereafter as is practicable; provided that Ordinary Course Administrative Claims shall be paid in full and honored by the Township in the ordinary course of business in accordance with the terms and conditions of the particular transactions and any agreements relating thereto.

#1333828 v4

B.    **Treatment Of Professional Claims.**

Pursuant to section 943(b)(3) of the Bankruptcy Code, all amounts paid or to be paid for services or expenses in the Chapter 9 Case or incident to this Plan must be approved by the Bankruptcy Court as reasonable.  The Township shall pay to each holder of a Professional Claim, in full satisfaction, release and discharge of such Claim, Cash in an amount equal to that portion of such Claim that the Bankruptcy Court approves as reasonable (except to the extent such Claim previously has been paid or satisfied) on or as soon as reasonably practicable following the date on which the Bankruptcy Court order determining such reasonableness becomes a Final Order.

C.    **Deadline For The Filing And Assertion Of Administrative Claims (Other Than Ordinary Course Administrative Claims) And Professional Claims.**

**All requests for payment or any other means of preserving and obtaining payment of Administrative Claims (other than Ordinary Course Administrative Claims) that have not been paid, released, or otherwise settled, and all requests for approval of Professional Claims, must be filed with the Bankruptcy Court and served upon the Township no later than thirty (30) days after the date on which the Notice of Effective Date is mailed.** Any request for payment of an Administrative Claim (other than an Ordinary Course Administrative Claim) or a Professional Claim that is not timely filed by such date will be forever barred, and holders of such Claims shall be barred from asserting such Claims in any manner against the Township.

III.    **DESIGNATION OF CLASSES OF CLAIMS**

Pursuant to section 1122 of the Bankruptcy Code, all Claims other than Administrative Claims and Professional Claims are classified for all purposes, including voting, confirmation, and distribution pursuant to this Plan, as follows:

#11335828 v4

| Class 1 | - | **Katz Claims** |
| **Class 2** | - | **Dime Bank Claim** |
| **Class 3** | - | **Pennstar Bank Claims** |
| **Class 4** | - | **John Deere Credit Claim** |
| **Class 5** | - | **Robert A. Dombrosky Claim** |
| **Class 6** | - | **General Unsecured Claims** |

## IV.   TREATMENT OF CLAIMS

### A.   Class 1 – Katz Claims.

#### 1.   Impairment And Voting.

Class 1 is not impaired by this Plan. The holders of Claims classified in Class 1 are not entitled to vote their Claims to accept or reject this Plan.

#### 2.   Treatment.

The Township and the Katzes have arrived at a settlement agreement which is embodied in the form of Court Order attached hereto as Exhibit A, which in turn attaches a form of Stipulated Judgment (the "Court Order"). The principal term of the Katz settlement is the reduction of a pre-bankruptcy judgment held by the Katzes against Westfall Township in the amount of $20,804,485.00 to the following: $6.0 million payable in equal quarterly installments of $75,000 each for twenty (20) years, without interest. On August 25, 2009 the Court Order was entered by the United States District Court for the Middle District of Pennsylvania. The Township and the Katzes now agree that the jurisdiction for the enforcement of the obligations between the respective parties, including both monetary and non-monetary performance, shall lie exclusively with the United States District Court for the Middle District of Pennsylvania. This Chapter 9 Plan shall in no way contravene the settlement embodied in the Court Order and/or the Stipulated Judgment, neither of which shall in any way be impacted by this Plan. No provision

of this Plan contradicts, nor is it intended to contradict, the Court Order and/or the Stipulated Judgment.

### B. Class 2 – Dime Bank Claim.

#### 1. Impairment And Voting.

Class 2 is impaired by this Plan. The holder of the Claim classified in Class 2 is entitled to vote its Claim to accept or reject this Plan in accordance with the Plan Solicitation Order.

#### 2. Allowance.

As of the Effective Date, the Dime Bank Claim shall be deemed to be an Allowed Secured Claim in the aggregate amount of $2 million.

#### 3. Treatment.

On the Effective Date, the Township shall provide to the holder of the Allowed Secured Dime Bank Claim, the following treatment:

a.    The Dime Bank shall retain all of its legal, equitable, and contractual rights under the Dime Bank loan documents.

b.    All liens and security agreements provided by the Dime Bank loan documents shall remain in place.

c.    Notwithstanding the foregoing (i) the Township's principal payment obligations to the Dime Bank shall be suspended until April 10, 2010, and (ii) the term of the loan shall be increased by 10 years beyond the expiration date set forth in the Dime Bank loan documents. The original expiration was in 2029, but it shall be extended to 2039. The interest rate shall remain the same as provided in the original loan documents (4.34% with the first scheduled change date in 9/2019). However, the periodic payments shall be reduced accordingly, and a new amortization schedule shall be provided.

#11335828 v4
Case 5:09-bk-02736-JJT    Doc 70    Filed 11/09/09    Entered 11/09/09 17:52:26    Desc
                          Main Document    Page 15 of 36

In consideration for the distributions and other benefits provided under this Plan, the provisions of this Section shall constitute a good faith compromise and settlement of all claims or controversies relating to the validity, enforceability, existence, extent, attachment, perfection, and priority of any liens collateralizing the Dime Bank Claim and/or relating to the nature of the Dime Bank loan documents. The entry of the Confirmation Order shall constitute the approval by the Bankruptcy Court of such compromise and settlement and a determination that the compromise and settlement is fair, reasonable, and in the best interests if the Township and its creditors.

### C. Class 3 – Pennstar Bank Claims.

#### 1. Impairment And Voting.

Class 3 is impaired by this Plan. The holder of Claims classified in Class 3 is entitled to vote its Claims to accept or reject this Plan in accordance with the Plan Solicitation Order.

#### 2. Allowance of Pennstar Bank Claims.

As of the Effective Date, the Pennstar Bank Claims shall be deemed to be Allowed Secured Claims in the following amounts (reduced by any payments made during the Chapter 9 case):

        a.     $103,016 (Loan re Sherwood Truck).

        b.     $ 10,708 (Loan re 2004 Equipment).

        c.     $ 34,764 (Loan re 2004 Road Fund).

#### 3. Treatment.

On the Effective Date, the Township shall provide to the holder of the Allowed Secured Pennstar Bank Claims, the following treatment:

#11335828 v4

a.     The Pennstar Bank shall retain all of its legal, equitable, and contractual rights under the Pennstar Bank loan documents.

b.     All liens and security agreements provided by the Pennstar Bank loan documents shall remain in place.

c.     Notwithstanding the foregoing, the remaining term of one of the loans shall be extended beyond the expiration date set forth in the Pennstar Bank loan documents, as follows:

- Loan re Sherwood Truck – Extend Term from 5/1/13 to 9/23/16.

The terms of the Loans re 2004 Equipment and 2004 Road Fund shall not be extended, but shall be paid in full. The interest rate on the Loan re Sherwood Truck shall remain the same, but the periodic payments shall be reduced accordingly, and a new amortization schedule shall be provided.

In consideration for the distributions and other benefits provided under this Plan, the provisions of this Section shall constitute a good faith compromise and settlement of the Pennstar Bank Claims and all controversies relating to the validity, enforceability, existence, extent, attachment, perfection and priority of any liens collateralizing the Pennstar Bank Claims. The entry of the Confirmation Order shall constitute the approval by the Bankruptcy Court of such compromise and settlement and a determination that the compromise and settlement is fair, reasonable, and in the best interests of the Township and its creditors.

**D. Class 4 – John Deere Credit Claim.**

    **1. Impairment And Voting.**

Class 4 is not impaired by this Plan. The holder of the Claim classified in Class 4 is not entitled to vote its Claim to accept or reject this Plan.

    **2. Allowance.**

As of the Effective Date, the John Deere Credit Claim shall be deemed to be an Allowed Secured Claim in the amount of $20,075 (reduced by any payments made during the Chapter 9 case).

    **3. Treatment.**

On the Effective Date, the Township shall provide to the holder of the Allowed Secured John Deere Credit Claim, the following treatment:

    a. John Deere Credit shall retain all of its legal, equitable, and contractual rights under the John Deere Credit loan documents.

    b. All liens and security agreements provided by the John Deere Credit loan documents shall remain in place.

    c. All payment obligations shall be brought current as of the Effective Date and shall be kept current thereafter until the debt owed to John Deere Credit has been paid in full.

### E. Class 5 – Robert A. Dombrosky Claim.

#### 1. Impairment And Voting.

Class 5 is not impaired by this Plan. The holder of the Claim classified in Class 5 is not entitled to vote its Claim to accept or reject this Plan.

#### 2. Treatment.

On the Effective Date, the Township shall provide to the holder of the Secured Robert A. Dombrosky Claim, in full satisfaction, release and discharge of such Claim, the following treatment:

a. The holder of the Claim shall have all legal, equitable, and contractual rights in any property in which Robert A. Dombrosky held a valid, pre-bankruptcy security interest that was perfected more than 90 days prior to April 10, 2009, the bankruptcy filing date (the "Dombrosky Collateral").

b. All valid liens and security agreements, if any, held by Robert A. Dombrosky in the Dombrosky Collateral shall remain in place.

c. To the extent that Robert A. Dombrosky has a valid Claim that exceeds the value of any Dombrosky Collateral (the "Dombrosky Deficiency Claim"), such Dombrosky Deficiency Claim shall be a general unsecured claim in Class 6 – General Unsecured Claims under this Plan.

### F. Class 6 – General Unsecured Claims.

#### 1. Impairment And Voting.

Class 6 is not impaired by this Plan. The holders of Class 6 General Unsecured Claims are not entitled to vote such Claims to accept or reject this Plan.

#### 2. Treatment.

On the Effective Date, the Township shall provide payment in cash to each holder of an Allowed Class 6 Claim in the full principal amount of such Allowed Claim, plus interest to the date of payment at the following rate, whichever is applicable: (i) the rate of interest, if any, provided by the contract between the holder of the Claim and the Township, or (ii) interest at the rate, if any, provided by applicable non-bankruptcy law.

## V. ACCEPTANCE OR REJECTION; CRAMDOWN

### A. Voting Of Claims.

Each holder of a Claim classified into Classes 2 and 3 shall be entitled to vote each such Claim separately to accept or reject this Plan.

### B. Nonconsensual Confirmation.

The Township believes that the applicable requirements for confirmation of this Plan as set forth in sections 943, 1129(a)(2), 1129(a)(3), 1129(a)(6), and 1129(a)(10) are satisfied. Accordingly, the Township will and hereby does request that the Bankruptcy Court confirm this Plan in accordance with those portions of section 1129(b) of the Bankruptcy Code that are applicable to the Chapter 9 Case in the event that an impaired Class of Claims rejects this Plan, on the basis that this Plan is fair and equitable and does not discriminate unfairly with respect to any non-accepting impaired Class.

## VI. TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

### A. Assumption Of Executory Contracts And Unexpired Leases.

Any executory contracts or unexpired leases that (a) are not identified on the Schedule of Rejected Agreements; (b) have not expired by their own terms on or prior to the Effective Date; (c) have not been assumed, assumed and assigned, or rejected with the approval of the Bankruptcy Court as of the Effective Date; and (d) are not the subject of a motion for rejection pending as of the Effective Date, shall be deemed to have been assumed by the

#11335828 v4

Township effective as of the Effective Date, and this Plan shall constitute a motion to assume such executory contracts and unexpired leases. Subject to the occurrence of the Effective Date, entry of the Confirmation Order by the Bankruptcy Court shall constitute approval of and authorization for the assumption of such executory contracts and unexpired leases pursuant to section 365(a) of the Bankruptcy Code and a finding by the Bankruptcy Court that each such assumption is in the best interest of the Township and all parties in interest in the Chapter 9 Case.

**B.  Cure Payments.**

As soon as practicable after and in no event later than thirty (30) days after the Effective Date, the Township or its agent shall pay to each party to an executory contract or unexpired lease assumed pursuant to Section VI.A. any monetary amounts required to be paid under section 365(b) of the Bankruptcy Code as a condition to assumption, unless the Township and such party agree to different arrangements for the satisfaction of obligations under section 365(b). The Bankruptcy Court shall retain jurisdiction to and, after the provision of notice and the opportunity for a hearing in accord with the Bankruptcy Rules, shall resolve all disputes regarding (a) the amount of any cure payment to be made pursuant to this Section; (b) the ability of the Township to provide "adequate assurance of future performance" within the meaning of section 365 of the Bankruptcy Code under the contract or lease to be assumed; and (c) any other matter pertaining to such assumption.

**1.  Bar Date For The Assertion Of Claims For Cure Payments.**

The Township currently does not believe that any amounts are necessary to be paid in order to cure any existing defaults or arrearages under the executory contracts and unexpired leases to be assumed pursuant to Section V1.A. **Any party to such an executory contract or unexpired lease that asserts that any payment or other performance is due in**

**connection with the proposed assumption of such agreement in accordance with this Plan must file with the Bankruptcy Court and serve upon the Township a written statement and accompanying declaration in support thereof specifying the basis for its claim within the same deadline and in the manner established for filing objections to confirmation of this Plan. The failure to timely file and serve such a statement will waive any and all objections to the proposed assumption and any claim for cure amounts of the agreement at issue.**

  **C.**  **Rejection Of Executory Contracts And Unexpired Leases.**

    The Township shall file a draft of the Schedule of Rejected Agreements at least two weeks before the date of the hearing held with respect to confirmation of this Plan. The Township may amend that Schedule, upon notice to the parties effected by such amendment, at any time prior to the Effective Date. Any executory contracts or unexpired leases of the Township identified on the Schedule of Rejected Agreements or in any motion for rejection pending as of the Effective Date shall be deemed to have been rejected by the Township as of the Effective Date. This Plan shaft constitute a motion to reject such executory contracts and unexpired leases, and the Township shall have no liability under such executory contracts and unexpired leases except as otherwise specifically provided in this Plan. Subject to the occurrence of the Effective Date, entry of the Confirmation Order by the Bankruptcy Court shall constitute approval of and authorization for the rejection of such executory contracts and unexpired leases pursuant to section 365(a) of the Bankruptcy Code and a finding by the Bankruptcy Court that each such rejection is in the best interest of the Township and all parties in interest in the Chapter 9 Case.

    **1.**  **Claims Arising From Rejection.**

    Proofs of Claims arising from the rejection of executory contracts or unexpired leases pursuant to Section VI.C. must be filed with the Bankruptcy Court and served on the

#11335828 v1

Township no later than thirty (30) days after the date on which the Notice of Effective Date is mailed. Any Claim for which a proof of Claim is not filed and served within such time will be forever barred and shall not be enforceable against the Township or its assets, properties, or interests in property. Unless otherwise ordered by the Bankruptcy Court, all such Claims that are timely filed as provided herein shall be treated as General Unsecured Claims and be classified into Class 3.

## VII. IMPLEMENTATION AND MEANS FOR CONSUMMATION OF THIS PLAN

The Township's payment obligations under this Plan shall be satisfied from unrestricted funds available to the Township on and after the Effective Date, including tax revenues. The Township will be compelled to increase taxes to pay the Katz Claims over the 20 year period provided by the settlement agreement. The settlement agreement has substantially reduced the amounts of those claims (See Exhibit A attached).

### A. Preservation Of Rights of Action

#### 1. Prosecution Of Rights Of Action.

Following the Effective Date, the Township may, pursue, litigate, and compromise and settle any and all Rights of Action, as appropriate, without further notice, the opportunity for a hearing, or Court approval.

#### 2. No Waiver Or Limitation Of Rights Of Action.

The failure to list in the Disclosure Statement any potential or existing Right of Action generally or specifically is not intended to and shall not limit the rights of the Township to pursue any such action. Unless a Right of Action is expressly waived, relinquished, released, compromised or settled in this Plan, the Township expressly reserves all Rights of Action for later adjudication and, as a result, no preclusion doctrine, including the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable or otherwise)

or laches, shall apply to such Rights of Action upon or after the confirmation or consummation of this Plan or the Effective Date. In addition, the Township expressly reserves the right to pursue or adopt against any other entity any claims alleged in any lawsuit in which the Township is a defendant or an interested party. Notwithstanding the foregoing, the Township waives its Rights of Action to avoid and recover transfers under 11 U.S.C. §§ 544, 545, 547, 548, 549 and 550, except that the Township reserves the right to assert such Rights of Action in defense, set-off or recoupment, and except that the Township reserves the right to avoid the security interest alleged by Robert A. Dombrosky.

### B.    Cancellation Of Liens.

Except as otherwise specifically provided in this Plan, on the Effective Date any lien or security interest securing any Secured Claim shall be deemed released, and the entity holding such Secured Claim shall be authorized and directed to release any collateral or other property of the Township (including without limitation any cash collateral) held by such entity and to take such actions as may be requested by the Township to evidence the release of such lien, including without limitation the execution, delivery and filing or recording of such releases.

## VIII.   DISTRIBUTIONS

### A.    Distribution Agent.

On or after the Effective Date, the Township may retain one or more agents to perform or assist it in performing the distributions to be made pursuant to this Plan, which agents may perform without bond. The Township may provide reasonable compensation to any such agent(s) without further notice or Court approval.

### B.    Delivery Of Distributions.

All distributions to any holder of an Allowed Claim shall be made at the address of such holder as set forth in the Amended List of Creditors and Claims or in the books and

records of the Township or its agents, unless the Township has been requested by such holder to change its address of record in a writing that contains an address for such holder different from the address reflected in such Amended List of Creditors and Claims for such holder.

### C. Undeliverable Distributions.

#### 1. Holding Of Undeliverable Distributions.

If any distribution to any holder is returned to the Township or its agent as undeliverable, no further distributions shall be made to such holder unless and until the Township is notified in writing of such holder's then-current address. Unless and until the Township is so notified, such distribution shall be deemed to be "Unclaimed Property" and shall be dealt with in accordance with Section VIII.C.2.

#### 2. Unclaimed Property.

If any entity entitled to receive distributions pursuant to this Plan does not present itself on the Effective Date or on such other date on which such entity becomes eligible for distribution, such distributions shall be deemed to be "Unclaimed Property." Unclaimed Property shall be set aside and held in a segregated account to be maintained by the Township pursuant to the terms of this Plan.

#### 3. Notification And Forfeiture Of Unclaimed Property.

On the first anniversary of the Effective Date, the Township shall file with the Bankruptcy Court a list of Unclaimed Property, together with a schedule that identifies the name and last-known address of holders of the unclaimed Property; the Township otherwise shall not be required to attempt to locate any such entity. On the second anniversary of the Effective Date, all remaining Unclaimed Property and accrued interest or dividends earned thereon shall be remitted to and vest in the Township.

#11335828 v4

## D. Distributions Of Cash.

Any payment of Cash to be made by the Township or its agent pursuant to this Plan shall be made by check drawn on a domestic bank or by wire transfer, at the sole option of the Township.

## E. Timeliness Of Payments.

Any payments or distributions to be made pursuant to this Plan shall be deemed to be timely made if made within fourteen (14) days after the dates specified in this Plan. Whenever any distribution to be made under this Plan shall be due on a day other than a Business Day, such distribution instead shall be made, without interest, on the immediately succeeding Business Day, but shall be deemed to have been made on the date due.

## F. Compliance With Tax Requirements.

The Township shall comply with all tax withholding and reporting requirements imposed on it by any governmental unit, and all distributions pursuant to this Plan shall be subject to such withholding and reporting requirements. In connection with each distribution with respect to which the filing of an information return (such as Internal Revenue Service Form 1099 or 1042) or withholding is required, the Township shall file such information return with the Internal Revenue Service and provide any required statements in connection therewith to the recipients of such distribution, or effect any such withholding and deposit all moneys so withheld to the extent required by law. With respect to any entity from whom a tax identification number, certified tax identification number, or other tax information required by law to avoid withholding has not been received by the Township, the Township, at its sole option, may withhold the amount required and distribute the balance to such entity or decline to make such distribution until the information is received.

### G. Time Bar To Cash Payments.

Checks issued by the Township on account of Allowed Claims shall be null and void if not negotiated within ninety (90) days from and after the date of issuance thereof. Requests for reissuance of any check shall be made directly to the Township by the holder of the Allowed Claim with respect to which such check originally was issued. Any claim in respect of such a voided check shall be made on or before the second anniversary of the Effective Date. After such date, all Claims in respect of voided checks shall be discharged and forever barred and the Township shall retain all moneys related thereto.

### H. No *De Minimis* Distributions.

Notwithstanding any other provision of this Plan, no Cash payment of less than ten dollars ($10.00) shall be made by the Township on account of any Allowed Claim.

### I. No Distributions On Account Of Disputed Claims.

Notwithstanding anything to the contrary in this Plan, no distributions shall be made on account of any part of any Disputed Claim until such Claim becomes Allowed (and then only to the extent so Allowed). Distributions made after the Effective Date in respect of Claims that were not Allowed as of the Effective Date (but which later became Allowed) shall be deemed to have been made as of the Effective Date.

### J. No Postpetition Accrual.

Unless otherwise specifically provided in this Plan or Allowed by order of the Bankruptcy Court, the Township shall not be required to pay to any holder of an impaired Claim any interest, penalty or late charge accruing with respect to such Claim on or after the Petition Date.

### K. Insurance Proceeds.

All distributions under this Plan shall be net of any insurance proceeds actually received in payment of any Claim that otherwise is Allowed and entitled to a distribution.

## IX. DISPUTED CLAIMS

### A. Objections To Claims; Prosecution Of Objections To Disputed Claims.

The Township shall have the right to object to the allowance of Claims filed with the Bankruptcy Court with respect to which liability or allowance is disputed in whole or in part. Unless otherwise ordered by the Bankruptcy Court, the Township shall file and serve any such objections to Claims by not later than one hundred and eighty (180) days after the Effective Date (or, in the case of Claims lawfully filed after the Effective Date, by not later than one hundred and eighty (180) days after the date of filing of such Claims).

### B. Reserves, Payments, And Distributions With Respect To Disputed Claims.

At such time as a Disputed Claim becomes an Allowed Claim, in whole or in part, the Township or its agent shall distribute to the holder thereof the distributions, if any, to which such holder is then entitled under this Plan. Such distributions, if any, shall be made as soon as practicable after the date that the order or judgment of the Bankruptcy Court allowing such Disputed Claim becomes a Final Order (or such other date as the Claim becomes an Allowed Claim), but in no event more than thirty (30) days thereafter. Unless otherwise specifically provided in this Plan or Allowed by order of the Bankruptcy Court, no interest shall be paid on Disputed Claims that later become Allowed Claims.

## X. EFFECT OF CONFIRMATION

### A. Discharge Of The Township.

Pursuant to section 944 of the Bankruptcy Code, upon the Effective Date, the Township shall be discharged from all debts (as defined in the Bankruptcy Code) of the

Township and Claims against the Township other than (a) any debt specifically and expressly excepted from discharge by this Plan or the Confirmation Order, or (b) any debt owed to an entity that, before the confirmation of this Plan, had neither notice nor actual knowledge of the Chapter 9 Case. This discharge shall not impair enforcement of the Court Order that embodies the settlement of the Katz Claims.

The rights afforded in this Plan and the treatment of all holders of Claims shall be in exchange for and in complete satisfaction, discharge and release of all Claims of any nature whatsoever arising on or before the Effective Date, known or unknown, including any interest accrued or expenses incurred thereon from and after the Petition Date, whether against the Township or any of its properties, assets or interests in property, unless specifically provided otherwise in the Plan. Except as otherwise provided herein, upon the Effective Date, all Claims against the Township shall be and shall be deemed to be satisfied, discharged and released in full.

## B.    Injunction.

Except as otherwise expressly provided in this Plan, all entities who have held, hold or may hold pre-Effective Date Claims shall be permanently enjoined, from and after the Effective Date, from (a) commencing or continuing in any manner any action or other proceeding of any kind with respect to any such pre-Effective Date Claim against the Township or its property; (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree or order against the Township or its property with respect to such pre-Effective Date Claims; (c) creating, perfecting, or enforcing any lien or encumbrance of any kind against the Township or its property; and (d) asserting any right of setoff, subrogation or recoupment of any kind against any obligation due to the Township with respect to any such pre-Effective Date Claim, except as otherwise permitted by section 553 of the Bankruptcy Code.

This injunction shall not impair enforcement of the Court Order that embodies the settlement of the Katz Claims.

**C.      Term Of Existing Injunctions Or Stays.**

Unless otherwise provided, all injunctions or stays provided for in the Chapter 9 Case pursuant to sections 105, 362, or 922 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date.

## XI.      RETENTION OF JURISDICTION

Following the Effective Date, the Bankruptcy Court shall retain and have exclusive jurisdiction over any matter (x) arising under the Bankruptcy Code and relating to the Township, (y) arising in or related to the Chapter 9 Case or this Plan or the Plan Documents, and (z) otherwise for the following:

**1.**      to resolve any matters related to the assumption, assumption and assignment, or rejection of any executory contract or unexpired lease to which the Township is a party or with respect to which the Township may be liable, and to hear, determine and, if necessary, liquidate, any Claims arising therefrom, including those matters related to the amendment after the Effective Date of this Plan to add any executory contracts or unexpired leases to the Schedule of Rejected Agreements;

**2.**      to enter such orders as may be necessary or appropriate to implement or consummate the provisions of this Plan, the Plan Documents, and all other contracts, instruments, releases, and other agreements or documents related to this Plan;

**3.**      to determine any and all motions, adversary proceedings, applications and contested or litigated matters that may be pending on the Effective Date or that, pursuant to this Plan, may be instituted by the Township after the Effective Date or that are instituted by any holder of a Claim before or after the Effective Date concerning any matter based upon, arising

out of, or relating to the Chapter 9 Case, whether or not such action initially is filed in the Bankruptcy Court or any other court:

      **4.**      to ensure that distributions to holders of Allowed Claims are accomplished as provided herein;

      **5.**      to hear and determine any objections to Claims or to proofs of Claim filed, both before and after the Effective Date, including any objections to the classification of any Claim, and to allow, disallow, determine, liquidate, classify, estimate or establish the priority of or secured or unsecured status of any Claim, in whole or in part:

      **6.**      to enter and implement such orders as may be appropriate in the event the Confirmation Order is for any reason stayed, revoked, modified, reversed or vacated;

      **7.**      to issue such orders in aid of execution of this Plan, to the extent authorized by section 1142(b) of the Bankruptcy Code;

      **8.**      to consider any modifications of this Plan, to cure any defect or omission, or reconcile any inconsistency in any order of the Bankruptcy Court, including the Confirmation Order;

      **9.**      to hear and determine all applications for awards of compensation for services rendered and reimbursement of expenses incurred prior to the Effective Date; and notwithstanding any other provision of this Plan or the Confirmation Order to the contrary, such awards of compensation and reimbursement of expenses shall not be discharged, nor shall any such rights to payment be enjoined;

      **10.**      to hear and determine all disputes or controversies arising in connection with or relating to this Plan or the Confirmation Order or the interpretation, implementation, or

#11335828 v4

enforcement of this Plan or the Confirmation Order or the extent of any entity's obligations incurred in connection with or released under this Plan or the Confirmation Order;

      **11.**    to issue injunctions, enter and implement other orders or take such other actions as may be necessary or appropriate to restrain interference by any entity with consummation or enforcement of this Plan;

      **12.**    to determine any other matters that may arise in connection with or are related to this Plan, the Disclosure Statement, the Confirmation Order or any contract, instrument, release or other agreement or document related to this Plan or the Disclosure Statement (including the Plan Documents);

      **13.**    to hear any other matter or for any purpose specified in the Confirmation Order that is not inconsistent with the Bankruptcy Code;

      **14.**    to hear and determine any Rights of Action; and

      **15.**    to enter a final decree closing the Chapter 9 Case.

## XII.   CONDITIONS PRECEDENT

### A.   Condition Precedent To Confirmation.

The entry of the Confirmation Order in form and substance satisfactory to the Township in its sole discretion shall be a condition precedent to confirmation of this Plan.

### B.   Conditions Precedent To Effective Date.

The "effective date of the plan," as used in section 1129 of the Bankruptcy Code, shall not occur, and this Plan shall be of no force and effect, until the Effective Date. The occurrence of the Effective Date is subject to the satisfaction (or waiver as set forth in Section XII.C.) of the following conditions precedent:

      **1.**    **Confirmation Order**. The Confirmation Order shall be a Final Order and be in full force and effect.

#11335828 v4

2. **Plan Documents**. All agreements and instruments contemplated by, or to be entered into pursuant to, the Plan shall be in form and substance acceptable to the Township in its sole discretion and shall have been duly and validly executed and delivered, or deemed executed by the parties thereto, and all conditions to their effectiveness shall have been satisfied or waived.

3. **Timing**. The Effective Date shall occur on the first Business Day after which the conditions set forth in Section XII.B. are satisfied or waived; *provided* that, unless otherwise ordered by the Bankruptcy Court, the Effective Date must occur by no later than December 31, 2010.

C. **Waiver Of Conditions To Effective Date.**

The Township, in its sole discretion, may waive, in whole or in part, any of the conditions to effectiveness of this Plan. Any such waiver of a condition may be effected at any time, without notice or leave or order of the Bankruptcy Court and without any formal action, other than the filing of a notice of such waiver with the Bankruptcy Court.

D. **Effect Of Failure Of Conditions.**

In the event that the conditions to effectiveness of this Plan have not been timely satisfied or waived, and upon notification submitted by the Township to the Bankruptcy Court, (a) the Confirmation Order shall be vacated, (b) no distributions under this Plan shall be made, (c) the Township and all holders of Claims shall be restored to the status quo ante as of the day immediately preceding the Confirmation Date as though the Confirmation Date never occurred, and (d) all of the Township's obligations with respect to the Claims shall remain unchanged and nothing contained herein shall be deemed to constitute a waiver or release of any claims by or against the Township or any other entity or to prejudice in any manner the rights of the Township or any entity in any further proceedings involving the Township.

## XIII. PENNSYLVANIA ACT 47 PLAN

In 1987 the Commonwealth of Pennsylvania enacted the Financially Distressed Municipalities Act ("Act 47") in order to assist and provide relief for financially distressed municipalities located within the Commonwealth of Pennsylvania. Section 262 of Act 47 provides that, when a Pennsylvania municipality files a voluntary petition under Chapter 9 of the Bankruptcy Code, the Secretary of the Commonwealth shall appoint a plan coordinator (the "Plan Coordinator") to formulate a plan for financial relief of the municipality. The Pittsburgh-based law firm Eckert Seamans Cherin & Mellott LLC, has been appointed Plan Coordinator for Westfall Township. It has formulated a Municipalities Financial Recovery Act Recovery Plan (the "Act 47 Plan"), a copy of which is attached hereto as Exhibit B. The Board of Supervisors of Westfall Township has adopted both this Chapter 9 Plan of Adjustment of Debts and the Act 47 Plan by ordinance. Westfall Township will request Chief U.S. Bankruptcy Judge John J. Thomas to approve the Act 47 Plan contemporaneously with his approval of the Township's Chapter 9 Plan of Adjustment of Debts at the Confirmation Hearing that has been scheduled in this case.

## XIV. MISCELLANEOUS PROVISIONS

### A. Severability.

If, prior to the Confirmation Date, any term or provision of this Plan is held by the Bankruptcy Court to be invalid, void or unenforceable, the Bankruptcy Court, with the consent of the Township, shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void or unenforceable, and such term or provision shall then be applicable as altered or interpreted. Notwithstanding any such holding, alteration or interpretation, the remainder of the terms and provisions of this Plan shall remain in full force

and effect and shall in no way be affected, impaired or invalidated by such holding, alteration or interpretation. The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of this Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

**B.      Governing Law.**

Except to the extent that the Bankruptcy Code or other federal law is applicable, or to the extent that an Exhibit hereto or Plan Document provides otherwise, the rights, duties and obligations arising under this Plan shall be governed by, and construed and enforced in accordance with the laws of the Commonwealth of Pennsylvania, without giving effect to principles of conflicts of laws.

**C.      Effectuating Documents And Further Transactions.**

Each of the officials and employees of the Township is authorized to execute, deliver, file, or record such contracts, instruments, releases, indentures, and other agreements or documents and take such actions as may be necessary or appropriate to effectuate and further evidence the terms and provisions of this Plan.

**D.      Notice Of Effective Date.**

On or before ten (10) Business Days after occurrence of the Effective Date, the Township or its agent shall mail or cause to be mailed to all holders of Claims a Notice that informs such holders of (a) entry of the Confirmation Order; (b) the occurrence of the Effective Date; (c) the assumption and rejection of the Township's executory contracts and unexpired leases pursuant to this Plan, as well as the deadline for the filing of Claims arising from such rejection; (d) the deadline established under this Plan for the filing of Administrative Claims; (e) the procedures for changing an address of record pursuant to Section VIII.B.; and (f) such other matters as the Township deems to be appropriate.

DATED: October 29 2009                    WESTFALL TOWNSHIP

                                          By:_____
                                              Robert P. Bernathy
                                              Township Solicitor

Submitted By:

_____
J. Gregg Miller, Esquire
Leon R. Barson, Esquire
Bonnie M. Kistler, Esquire
Pepper Hamilton LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA  19103-2799
(215) 981-4000

Attorneys for Westfall Township, Debtor

#11335828 v4                                **-31-**