IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In Re: : Chapter 9
:
WESTFALL TOWNSHIP, : Case No. 5-09-02736 (JJT)
:
Debtor. :

FILED WILKES BARRE PA MAR 2 2010 Clerk, U.S. Bankruptcy Court

## ORDER CONFIRMING PLAN FOR THE ADJUSTMENT OF DEBTS OF WESTFALL TOWNSHIP, PA, DATED OCTOBER 29, 2009

Westfall Township, chapter 9 debtor in the above-captioned case (the "Debtor"), having filed and proposed the "Plan for the Adjustment of Debts of Westfall Township, PA, dated October 29, 2009" (the "Plan"); and

This Court, after notice and a hearing, having approved a Disclosure Statement with respect to the Plan (the "Disclosure Statement") by an Order dated December 23, 2009 (the "Disclosure Statement Order"), which Order also established and approved, among other things, procedures for the solicitation and tabulation of votes on the Plan, deadlines for the casting of ballots and the filing of objections to confirmation of the Plan, and a proof of claim bar date; and

A hearing regarding confirmation of the Plan having been held on March 2, 2010 (the "Confirmation Hearing") and

This Court having considered the record made at the Confirmation Hearing, along with the statements of counsel in support of confirmation of the Plan; and

After due deliberation and consideration of all of the foregoing, sufficient cause appearing therefor, this Court hereby makes the following findings of fact and conclusions of law pursuant to Rule 7052 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

#11351585 v2

Case 5:09-bk-02736-JJT    Doc 115    Filed 03/02/10    Entered 03/02/10 11:13:56    Desc

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.   <u>Jurisdiction</u>: This Court has jurisdiction pursuant 28 U.S.C. §§ 157(b) and 1334(a) over the Chapter 9 Case[1] and over entry of this Order. Matters regarding confirmation of the Plan are core proceedings within the meaning of 28 U.S.C. § 157(b). Venue of these proceedings and the Chapter 9 Case in this District is appropriate pursuant to 28 U.S.C. §§ 1408 and 1409.

B.   <u>Notice</u>: As established by the certificates of mailing and proofs of publication filed with respect to confirmation of the Plan, due, timely, sufficient and adequate notice of (i) the Plan, together with the deadlines for voting on and filing objections to the Plan, and (ii) the proof of claim bar date has been given to all known holders of Claims and other parties in interest, including potential claimants, in accordance with the rules and procedures established by the Disclosure Statement Order, title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), the Bankruptcy Rules, the Local Rules of the United States Bankruptcy Court for the Middle District of Pennsylvania (the "<u>Local Rules</u>"), and all other applicable laws, rules and regulations.

C.   <u>Solicitation</u>: The solicitation by the Debtor and its professionals of votes accepting or rejecting the Plan was conducted in good faith and in compliance with the Disclosure Statement Order, sections 941, 1125, and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, and all other applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and other applicable laws, rules and regulations.

D.   <u>Balloting</u>: As evidenced by the "Report of Plan Voting on the Plan for the Adjustment of Debts of Westfall Township, PA" (the "Report of Plan Voting"), the procedures by which Ballots on the Plan were distributed to holders of Claims and were tabulated were fair

---

[1] Capitalized terms not otherwise defined in this Order have the meanings ascribed to them in the Plan.

-2-

and properly conducted in accordance with the Disclosure Statement Order, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and all other applicable laws, rules and regulations.

E.     Section 943(b)(1): As required by section 943(b)(1) of the Bankruptcy Code, the Plan complies with all provisions of the Bankruptcy Code made applicable to the Chapter 9 Case by sections 103 and 901 of the Bankruptcy Code. Among other things:

1.     Section 1122. The classification of Claims under the Plan is reasonable, not discriminatory, and consistent with section 1122(a) of the Bankruptcy Code.

2.     Section 1123. As required by and in compliance with sections 1123(a)(1), (a)(2) and (a)(3) of the Bankruptcy Code, the Plan (a) identifies the Classes of Claims; (b) specifies the Classes of Claims that are not impaired under the Plan as well as those that are impaired under the Plan; and (c) specifies the treatment of each Class of Claims under the Plan. As required by and in compliance with section 1123(a)(4) of the Bankruptcy Code, the Plan provides the same treatment for each Claim in a particular Class. As required by and in compliance with section 1123(a)(5) of the Bankruptcy Code, the Plan provides adequate means for its execution and implementation.

3.     Section 1129(a)(2): As required by section 1129(a)(2) of the Bankruptcy Code, the Debtor, as the proponent of the Plan, has complied with all of the applicable provisions of the Bankruptcy Code, including all applicable provisions regarding disclosure and solicitation with respect to the Plan.

4.     Section 1129(a)(3): As required by section 1129(a)(3) of the Bankruptcy Code, the Debtor has proposed the Plan in good faith and not by any means forbidden by law. The Debtor has proposed the Plan with the legitimate and honest purpose of adjusting the

Debtor's debts and maximizing the returns to parties in interest in the Chapter 9 Case, while preserving the Township as a viable entity and maintaining the Township's ability to provide critical government services to its residents and surrounding community.

5. Section 1129(a)(6): The requirements of section 1129(a)(6) are not applicable because the Debtor is not subject to any governmental regulatory commission regarding rates.

6. Section 1129(a)(8) and Section 1129(b): As indicated by the Report of Plan Voting, all impaired Classes (Classes 2 and 3) have voted to accept the Plan and accordingly, the requirements of section 1129(a)(8) of the Bankruptcy Code have been met with respect to each such Class. Because each impaired class has accepted the Plan, the requirements of section 1129(b) of the Bankruptcy Code are not applicable.

7. Section 1129(a)(10): As required by Section 1129(a)(10) of the Bankruptcy Code, at least one impaired Class of Claims has accepted the Plan, determined without including any acceptance of the Plan by any insider.

F. Section 943(b)(2): As required by section 943(b)(2) of the Bankruptcy Code, the Plan complies with all provisions of chapter 9 of the Bankruptcy Code.

G. Section 943(b)(3): As required by section 943(b)(3) of the Bankruptcy Code, all amounts to be paid by the Debtor or by any person for services or expenses in the Chapter 9 Case or incident to the Plan either (a) have been fully disclosed and are reasonable; or (b) are required under the Plan to be disclosed and approved by this Court as reasonable.

H. Section 943(b)(4): As required by section 943(b)(4) of the Bankruptcy Code, the Debtor is not prohibited by law from taking any action necessary to carry out the Plan.

#11351585 v2

I.  Section 943(b)(5): As required by section 943(b)(5) of the Bankruptcy Code, the Plan provides for the payment in full of Allowed Administrative Expense Claims on or as soon as practicable after the later of the Effective Date of the Plan and the date on which any such Administrative Expense Claim becomes an Allowed Claim.

J.  Section 943(b)(6): As required by section 943(b)(6) of the Bankruptcy Code, all regulatory or electoral approval necessary under applicable nonbankruptcy law to carry out any provision of the Plan has been obtained, or such provision is expressly conditioned on such approval. The power to raise additional taxes to fund the payments required by the settlement of the Katz Claims has been granted by an order of the U.S. District Court for the Middle District of Pennsylvania, dated August 25, 2009 (the "Middle District Court Order"). The power to increase tax millage for general Township purposes has been granted by an order of the Pike County Court of Common Pleas, dated December 16, 2009. The financial restructuring of Westfall Township has been approved by the Municipalities Financial Recovery Act Recovery Plan of Westfall Township, dated October 29, 2009 (the "Recovery Plan"), which is attached to the Plan. It is appropriate to confirm the Recovery Plan at this time for the following reasons:

(i)  On July 10, 1987, the Pennsylvania General Assembly enacted the Municipalities Financial Recovery Act at Public Law 246, No. 47, 53 P.S. §§11701.101-11701.501, commonly referred to as Act 47 ("Act 47").

(ii)  Under Act 47, the Pennsylvania Secretary of the Department of Community and Economic Development (the "Secretary" or "DCED") is empowered to determine that a municipality is a financially distressed municipality. 53 P.S. §11701.203.

(iii)  Under Act 47, a municipality is authorized to file a municipal debt adjustment action under federal law, 53 P.S. §11701.261; and a municipality which files a

#11351585 v2

municipal debt adjustment action under federal law "shall be deemed to be a financially distressed municipality under the act." 53 P.S. §11701.262(a). On April 14, 2009, the Secretary entered a Departmental Order deeming the Township a distressed municipality.

(iv) No later than 30 days following a determination of municipal financial distress, the Secretary is required to appoint a coordinator who shall prepare a plan addressing the municipality's financial problems. 53 P.S. §11701.221(a).

(v) Pursuant to Act 47, a municipality which files a municipal debt adjustment under federal law shall utilize the procedures set up under Act 47 "concurrently with the processing of the Federal action, so as to efficiently expedite the formulation of a plan, its timely confirmation by the Federal court having jurisdiction of the Federal action and its adoption by ordinance." 53 P.S. §11701.263(b).

(vi) Eckert Seamans Cherin & Mellott, LLC was appointed the Act 47 Plan Coordinator and, by order of this Court dated August 31, 2009 (Docket No. 69), has been permitted to intervene in the Chapter 9 Case through James H. Roberts, Esquire, a member of the firm.

(vii) The Plan Coordinator has established a Recovery Plan for Westfall Township, which was adopted by ordinance after advertising and a public meeting held thereon in accordance with the requirements of Act 47. A copy of the Recovery Plan was attached to the Chapter 9 Plan that has been distributed to holders of Claims. Section XIII of the Chapter 9 Plan informed holders of Claims that Westfall Township would request the Court to approve the Recovery Plan contemporaneously with the approval of the Township's Chapter 9 Plan at the confirmation hearing. Accordingly, it is appropriate for the Court to confirm the Recovery Plan at this time.

-6-

#11351585 v2

Case 5:09-bk-02736-JJT    Doc 115    Filed 03/02/10    Entered 03/02/10 11:13:56    Desc

K. <u>Section 943(b)(7)</u>: As required by section 943(b)(7) of the Bankruptcy Code, the Plan is in the best interests of creditors and is feasible. Among other things, the Plan is based on the settlement of the Katz Claims, and the Plan provides for the payment in full of all Allowed Claims other than those for which the holders voluntarily have agreed to a different treatment. Regarding feasibility, the Debtor's obligations under the Plan will be funded from additional taxes and debt financings, including those described in the Recovery Plan and Disclosure Statement. The Debtor will be able to make all payments required pursuant to the Plan while maintaining its operations at the level that it believes to be necessary to its continued viability as a municipality. As a result, the Plan is feasible within the meaning of section 943(b)(7).

L. <u>Section 944(b)(3)</u>: Section 944(b)(3) of the Bankruptcy Code requires a court to determine the validity of any bonds or other securities to be distributed under a plan. However, such a determination is not required in this Chapter 9 Case because the Debtor is not issuing any bonds or other securities under the Plan.

M. <u>Section 1125(e)</u>. The Debtor and its employees, officials, and professionals solicited acceptances and rejections of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, and such persons therefore are entitled to the protections of section 1125(e) of the Bankruptcy Code and are not liable on account of such solicitation for violation of any applicable law, rule, or regulation governing solicitation of acceptance or rejection of a plan or the offer, issuance, sale or purchase of securities.

**NOW, THEREFORE, IT HEREBY IS ORDERED, ADJUDGED, AND DECREED THAT:**

### Confirmation of the Plan

1. The Plan, as modified by this Order, hereby is confirmed pursuant to section 943 of the Bankruptcy Code. To the extent possible, the Plan and this Order shall be

#11351585 v2

interpreted to be consistent; to the extent that there is any inconsistency between the Plan and this Order, the terms of this Order shall control.

2. The Recovery Plan, which is attached to the Plan for the Adjustment of Debts of Westfall Township, is also confirmed.

3. Except as expressly otherwise provided in the Plan or this Order, pursuant to section 944 of the Bankruptcy Code, on the Effective Date, the Debtor hereby is discharged from all debts (as defined in the Bankruptcy Code) of the Debtor and Claims against the Debtor other than (a) any debt specifically and expressly excepted from discharge by the Plan or the Confirmation Order, or (b) any debt owed to an entity that, before the confirmation of the Plan, had neither notice nor actual knowledge of the Chapter 9 Case. On or before the Effective Date, the Debtor shall deposit with Myer & Myer CPAs, of Milford, PA, which firm is hereby appointed disbursing agent, cash in the amount required to pay all Allowed Claims that are in existence on the Effective Date. Upon depositing such consideration, the requirement of Bankruptcy Code §944(b)(2) regarding depositing Plan funds with a disbursing agent shall be satisfied, and the Debtor shall be discharged. This discharge shall not impair enforcement of the settlement of the Katz Claims.

4. Except as otherwise expressly provided in the Plan or this Order, all entities who have held, hold or may hold pre-Effective Date Claims shall be permanently enjoined, from and after the Effective Date, from (a) commencing or continuing in any manner any action or other proceeding of any kind with respect to any such pre-Effective Date Claim against the Debtor or its property; (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree or order against the Debtor or its property with respect to such pre-Effective Date Claims; (c) creating, perfecting, or enforcing any lien or

encumbrance of any kind against the Debtor or its property with respect to such pre-Effective Date Claims; and (d) asserting any right of setoff, subrogation or recoupment of any kind against any obligation due to the Debtor with respect to such pre-Effective Date Claims, except as otherwise permitted by section 553 of the Bankruptcy Code. This injunction shall not impair enforcement of the settlement of the Katz Claims.

5. As provided in Section IV.A.2. of the Plan, the Chapter 9 Plan shall in no way contravene the settlement embodied in the Middle District Court Order and/or the Stipulated Judgment attached thereto, neither of which shall in any way be impacted by the Plan. No provision of the Plan contradicts, nor is it intended to contradict, the Court Order and/or the Stipulated Judgment.

6. Except as otherwise specifically provided in the Plan or this Order, on the Effective Date any lien or security interest securing any Secured Claim shall be deemed released, and the entity holding such Secured Claim shall be authorized and directed to release any collateral or other property of the Debtor (including without limitation any cash collateral) held by such entity and to take such actions as may be requested by the Debtor to evidence the release of such lien, including without limitation the execution, delivery and filing or recording of such releases. This provision shall not impair enforcement of the Class 2 and Class 3 Secured Claims held respectively by Dime Bank and Pennstar Bank.

7. Unless otherwise provided in the Plan or this Order, all injunctions or stays provided for in the Chapter 9 Case pursuant to sections 105, 362, or 922 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date.

#11351585 v2

Case 5:09-bk-02736-JJT    Doc 115    Filed 03/02/10    Entered 03/02/10 11:13:56    Desc

8. On the Effective Date, all actions contemplated by the Plan are hereby authorized and approved in all respects, in each case without further action under applicable law, regulation, order, or rule.

9. The Plan is hereby modified regarding the Class 3 Claim of Pennstar Bank to include the Pennstar Bank Note Modification Agreement as part of the Plan treatment of the Pennstar Bank Class 3 Claim.

10. The Plan is hereby modified regarding the Claim(s) of Robert A. Dombrosky to provide that, in accordance with the Stipulation and Order Granting Relief from Automatic Stay to Robert A. Dombrosky and Relief to Westfall Township Regarding its Voluntary Chapter 9 Petition (Docket No. 91), which was approved by Court Order dated December 21, 2009 (Docket No. 93), the Debtor shall pay Mr. Dombrosky's claim in the amount of $16,612 pursuant to the Plan at the same time as other general unsecured creditors of the Debtor, after confirmation of the Plan. The balance of Mr. Dombrosky's claim, if any, remains subject to dispute and will be paid by Westfall Township only after it is determined by litigation or settlement of the proposed lawsuit that Mr. Dombrosky has filed, or intends to file, in the U.S. District Court for the Middle District of Pennsylvania. Mr. Dombrosky remains unimpaired under the Plan.

11. All persons holding Claims against the Debtor that are dealt with under the Plan are hereby directed to execute, deliver, file and record any document, and to take any action necessary or appropriate to implement, consummate and otherwise effect the Plan in accordance with its terms in all material respects, and all such persons shall be bound by the terms and provisions of all documents executed and delivered by them in connection with the Plan.

#11351585 v2

Case 5:09-bk-02736-JJT    Doc 115    Filed 03/02/10    Entered 03/02/10 11:13:56    Desc

## Deadlines And Claims

Deadlines For Administrative Expense Claims:

12. <u>Administrative Expense Claims</u>: All requests for payment or any other means of preserving and obtaining payment of Administrative Claims that have not been paid, released, or otherwise settled, including requests for approval of Professional Claims, but excluding requests for Ordinary Course Administrative Claims, must be filed with this Court and served upon the Debtor and the United States Trustee <u>no later than thirty (30) days after the date on which the Notice of Effective Date is mailed</u>. <u>Requests for payment of an Administrative Claim, including a Professional Claim, other than an Ordinary Course Administrative Claim that is not timely filed by such date will be forever barred, and holders of such Claims will be barred from asserting such Claims in any manner against the Debtor</u>.

13. <u>Deadlines For Objection To Claims</u>: The Debtor shall have the right to object to the allowance of Claims filed with this Court with respect to which liability or allowance is disputed in whole or in part. Unless otherwise ordered by this Court, the Debtor shall file and serve any such objections to Claims by not later than one hundred and eighty (180) days after the Effective Date (or, in the case of Claims lawfully filed after the Effective Date, by not later than one hundred and eighty (180) days after the date of filing of such Claims).

## Miscellaneous

14. On or before ten (10) Business Days after the Effective Date, the Debtor or its agent shall mail or cause to be mailed to all holders of record of Claims a notice that informs such holders of (a) entry of this Confirmation Order; (b) the occurrence of the Effective Date; (c) the deadline established under the Plan for the filing of Administrative Claims; and (d) such other matters as the Debtor deems to be appropriate. Such Notice shall constitute due and sufficient notice of all of such matters in compliance with Bankruptcy Rule 2002(f).

#11351585 v2

Case 5:09-bk-02736-JJT    Doc 115    Filed 03/02/10    Entered 03/02/10 11:13:56    Desc

15. Notwithstanding the entry of this Order or the occurrence of the Effective Date, this Court will retain jurisdiction of the Chapter 9 Case and all matters arising in, or related to, the Chapter 9 Case as provided for in the Plan and in this Order, and to the fullest extent permitted by law, including sections 945 and 1142 of the Bankruptcy Code and pursuant to Section XI of the Plan.

16. The failure to reference or discuss any particular provision of the Plan in this Order shall not have any effect on the validity, binding effect and enforceability of such provision, and such provision shall have the same validity, binding effect and enforceability as every other provision of the Plan.

17. The provisions of the Plan and this Order shall be, and hereby now are and forever afterwards will be, binding on the Debtor, all holders of Claims (whether or not impaired under the Plan and whether or not, if impaired, such entities accepted the Plan), any other party in interest, any other party making an appearance in the Chapter 9 Case, any entity that, before the entry of this Order, had notice or actual knowledge of the Chapter 9 Case, and any other person or entity affected thereby, as well as their respective heirs, predecessors, successors, assigns, trustees, subsidiaries, affiliates, officers, directors, agents, employees, representatives, attorneys, beneficiaries, guardians, and similar officers, or any Person claiming through or in the right of any such persons or entities.

18. The Debtor may, prior to the Effective Date, make appropriate technical adjustments and modifications to the Plan without further order or approval of the Court, provided that such technical adjustments and modifications do not adversely affect in a material way the treatment of holders of Claims and are filed on the Court's docket.

#11351585 v2

Case 5:09-bk-02736-JJT    Doc 115    Filed 03/02/10    Entered 03/02/10 11:13:56    Desc

19. This Confirmation Order shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments. Each and every federal, state, and local government agency is hereby directed to accept any and all documents and instruments necessary, useful, or appropriate (including Uniform Commercial Code financing statements or termination statements) to effectuate, implement, and consummate the transactions contemplated by the Plan and this Order.

*[signature]*
USBJ
March 2, 2010

#11351585 v2

Case 5:09-bk-02736-JJT    Doc 115    Filed 03/02/10    Entered 03/02/10 11:13:56    Desc